E-FILED
Thursday, 17 September, 2009  12:19:14 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DALE T. NAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 09-3166 |
| | ) | |
| VILLAGE OF ASHLAND, ILLINOIS, | ) | |
| DAVID HANDY, JAMES BIRDSELL, | ) | |
| and RONALD CAVE, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court are the motions to dismiss filed by the Defendants.

This is a civil rights action pursuant to 42 U.S.C. § 1983, wherein Plaintiff Dale T. Naylor alleges that the Defendants have violated various constitutional rights.  The Plaintiff has also asserted state law claims for assault and battery and intentional infliction of emotional distress. Defendant Village of Ashland has moved to dismiss on the basis of lack of subject matter jurisdiction.

(I)

In support of its motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the Village of Ashland ("the Village") states that there is an identical action currently pending between the two parties. Specifically, there is a set of cases pending before the Illinois Department of Human Rights ("IDHR" or "the Department"), under IDHR charge numbers: 2009 SF 1136 and 2009 SF 4084, and including EEOC case number: 21 BA 90150. The Plaintiff disputes the Village's assertion that there is a parallel state court proceeding between the parties.

The Village states that the cases pending before the IDHR involve the same parties and issues pled in this suit, including the Plaintiff's claims of a hostile work environment, discrimination due to his alleged disabilities and claims for lost earnings. Accordingly, the Village contends that the Court should abstain from hearing the issues until the resolution of the IDHR charge numbers: 2009 SF 1136 and 2009 SF 4084. See Younger v. Harris, 401 U.S. 37 (1971); see also Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). "[F]ederal courts must abstain

from enjoining or otherwise interfering in ongoing state court proceedings that are (1) judicial in nature, (2) involve important state interests, and (3) provide an adequate opportunity to raise the federal claims, as long as (4) no exceptional circumstances exist that would make abstention inappropriate." Stroman Realty, Inc. v. Martinez, 505 F.3d 658, 662 (7th Cir. 2007). "Colorado-River abstention [involves] abstention by a federal court in favor of the court in which a parallel proceeding is pending." Beck v. Dobrowski, 559 F.3d 680, 686 (7th Cir. 2009).

The Village notes that the Illinois Human Rights Commission has jurisdiction over employment discrimination and civil rights disputes in Illinois. Moreover, the Commission's work implicates important state interests in developing proper work environments and protecting employees' constitutional rights in Illinois. Additionally, the Village alleges that dismissal is appropriate under the Colorado River doctrine because there is a concurrent state proceeding and abstaining would promote wise judicial administration.

The Village further contends that the possibility of conflicting rulings

weighs in favor of abstention. Moreover, the proceedings are parallel because the interests of the parties in both proceedings are substantially the same. In both cases, the issue concerns whether the Village violated the employment and work environment rights of Plaintiff Naylor. The Village further claims that although the instant litigation is still in the very early stages, the Illinois Human Rights Commission proceedings are well under way.

Based on the foregoing, the Village maintains that abstention is proper and requests that the instant case be dismissed under Rule 12(b)(1), pending resolution of Charge Numbers 2009 SF 1136, and 2009 SF 4084, before the Illinois Human Rights Commission.

In his response, the Plaintiff states that he filed his initial charge against the Village in the IDHR on October 16, 2008, 2009 SF 1136. Naylor was not then represented by counsel and his charges were drafted by intake personnel at IDHR. The Department conducted an investigation and issued its findings. The Plaintiff attaches a notice from the Department dated August 11, 2009, wherein it informed Naylor that he could file an

action in circuit court or request that the Department file a complaint on his behalf in Illinois Human Right Commission, based on the findings of substantial evidence as to two of his four charges.

The Plaintiff states that, instead of commencing an action in state court or requesting that the Department issue a complaint on his behalf before the Commission, he filed supplemental state law claims in this action against the Village under the Illinois Human Rights Act.  Moreover, the Plaintiff says that he has not sought chief counsel review of the two charges that were found by the Department to lack substantial evidence The Plaintiff neither intends to pursue those charges as a supplemental claim in this case nor file an action based on the charges in state court.

The Plaintiff further alleges that, once represented by counsel, he requested that the Department allow him to amend his charges to add the claim of constructive discharge.  Although the IDHR did not permit amendment, it did allow a new charge of constructive discharge to be filed. Naylor filed the additional charge of constructive discharge with the Department on June 5, 2009, 2009 SF 4084.  The Plaintiff states that it is

not known whether the Department will conduct an additional investigation or rely on the investigation already completed. Once the Department has acted, the Plaintiff plans to file a motion to amend his complaint to add a supplemental count of constructive discharge. Thus, there is no indication that Plaintiff intends to pursue that charge in state court.

Based on the Plaintiff's response, it appears that Charge Number 1136 has been resolved and there is no parallel state court proceeding in the Illinois Human Rights Commission. Regarding the claims that were found by the Department to be supported by substantial evidence, the Plaintiff filed supplemental state law claims in this Court against the Village under the Illinois Human Rights Act. The Plaintiff claims that he is not commencing an action in state court or requesting that the Department issue a complaint on his behalf before the Commission.

Additionally, the Plaintiff states that he does not intend to seek review of the two charges that were found by the Department to lack substantial evidence. Moreover, he says that he will neither pursue them as a supplemental claim in this Court nor file an action based on those charges

in state court.

Based on the foregoing, there are no ongoing judicial proceedings and there is no basis for abstention.  The Defendant's motion will be DENIED.[1]

## II.

Defendants James Birdsell, Ronald Cave and David Handy have also filed a motion to dismiss.  They note that Plaintiff has asserted various state law claims against them, pendant to the federal claims alleged against the Village.  The individual Defendants request that the Court dismiss those state law claims, in the event that it dismisses the federal claims asserted against the Village.

Because the Court has Denied the Village's motion, the motion to dismiss filed by the individual Defendants will be DENIED.

Ergo, the motion to dismiss for lack of jurisdiction filed by Defendant Village of Ashland [d/e 12] is DENIED.  The motion to dismiss filed by

---

[1]The Court notes that, although the Village's motion is made pursuant to Rule 12(b)(1), asserting a lack of subject matter jurisdiction, Younger abstention "does not arise from lack of jurisdiction in the District Court, but from strong policies counseling against the exercise of such jurisdiction where particular kinds of state proceedings have already been commenced."  See Ohio Civil Rights Commission v. Dayton Christian Schools, Inc., 477 U.S. 619, 626 (1986).

Defendants David Handy, James Birdsell and Ronald Cave [d/e 14] is

DENIED.  This case is referred to United States Magistrate Judge Byron G.

Cudmore for the purpose of scheduling a discovery conference.

ENTER: September 16, 2009

        FOR THE COURT:

                s/Richard Mills
                United States District Judge